## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-83-CEH-JSS

FIDEL CUEVA GUEVERRA
_____

### **ORDER**

This cause comes before the Court on Defendant Fidel Cueva Gueverra's Motion to Request Two Level Reduction Under U.S.S.G. § 3B1.2(b) Mitigating Role (Doc. 213). Proceeding *pro se*, Gueverra asks the Court to reduce his sentence pursuant to Amendment 794 of the sentencing guidelines' commentary, because he was a minor participant in the criminal activity. The Government opposes the motion (Doc. 215).

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

### BACKGROUND

On June 9, 2021, Gueverra was sentenced to 87 months' imprisonment upon his guilty plea to one count of conspiracy to distribute and possess cocaine while aboard a vessel. Doc. 183. Although his guideline sentencing range was 108 to 135 months, the Court determined that the mandatory minimum did not apply because of the statutory safety valve. Doc. 184 at 1, 3. The Court further found that Gueverra's family ties and responsibilities, remorse, lack of youthful guidance, and non-violent

history warranted a downward variance. *Id.* at 3.  Gueverra is currently serving his sentence on the judgment.

Gueverra now moves for a sentence reduction. Doc. 213.  Citing to Amendment 794, he argues that he was a minor participant in the offense rather than the owner of the drugs or the captain of the crew. *Id.* at 1, 3.  Therefore, he asserts, he should be granted a two-level adjustment to his guidelines range. *Id.* at 3, 4.

The Government opposes the motion. Doc. 215.  It explains that he made an objection at sentencing on the same grounds, which the Court overruled. *Id.* at 1.  The Government argues the motion must be denied as moot because Gueverra relies on the same argument the Court has already rejected. *Id.* at 2.

## DISCUSSION

Amendment 794 of the sentencing guidelines "added guidance to [U.S.S.G. § 3B2.1's commentary relating to mitigating-role reductions."[1] *United States v. Palma-*

---

[1] The amendment added the following language to Application Note 3(C) for § 3B1.2:

> In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*Meza*, 685 F. App'x 806, 809 (11th Cir. 2017). A minor participant who may be entitled to a role reduction is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as 'minimal.'" U.S.S.G. § 3B1.2, cmt. n.5. The Eleventh Circuit has explained that Amendment 794 "merely clarified the factors to consider for a minor-role adjustment, and did not substantively change § 31B.2." *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016). The amendment went into effect on November 1, 2015. *Palma-Meza*, 685 F. App'x at 809.

Because Gueverra was sentenced in 2021, he was already sentenced in accord with Amendment 794's clarification of the minor role factors. Moreover, as the Government correctly points out, he presented the same argument to this Court at sentencing, but the Court denied his request for a minor role reduction. *See* Doc. 178 at 16-17; Doc. 180. Gueverra did not appeal the judgment against him. He offers neither adequate grounds nor any procedural basis for this Court to revisit its decision.

The Court, in general, may not modify a term of imprisonment once it has been imposed. *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020), citing 18 U.S.C. § 3582(c); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Finality is essential to the operation of our criminal justice system … That is why courts are generally forbidden from altering a sentence once it becomes final.") (quotations omitted). Accordingly, it cannot reduce Gueverra's sentence based upon

a sentencing provision that was in effect at the time of the judgment, and an argument that it has already denied.

Accordingly, it is **ORDERED**:

1. Defendant Fidel Cueva Gueverra's Motion to Request Two Level Reduction Under U.S.S.G. § 3B1.2(b) Mitigating Role (Doc. 213) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 8, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties